IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PANDA ENERGY INTERNATIONAL, INC. | § § § | |
| Plaintiff, | § § | Civil Action No. |
| v. | § § | 3:10-CV-1615-K |
| FACTORY MUTUAL INSURANCE COMPANY, et al. | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Panda Energy International, Inc.'s ("Panda Energy") Motion to Remand (Doc. No. 3). After review and consideration of the Motion, response, reply, notice of removal, pleadings, and the applicable law, the Court **GRANTS** the Motion and **REMANDS** this case to the 191st District Court, Dallas County, Texas.

**I.    Factual and Procedural Background**

In 2005, Panda Energy created a subsidiary named Panda Hereford Ethanol, LP ("Hereford Ethanol") to operate an ethanol plant in Hereford, Texas. Hereford Ethanol obtained an insurance policy through its insurance brokers, defendants Marsh USA, Inc. ("Marsh") and John Samuels, from defendant Factory Mutual Insurance Company ("Factory Mutual"). The insurance policy, signed in the summer of 2006, was designed

to cover risks associated with constructing the ethanol plant in Hereford.

In 2008, Hereford Ethanol made two claims under the policy. The first was for damage caused during construction testing. The second, in December 2008, was for construction delays caused by workers contracting Q-fever, a bacterial infection normally caused by contact with animals. Factory Mutual partially paid the first claim and the second was denied in its entirety.

In January of 2009, Hereford Ethanol declared bankruptcy. Panda Energy filed this lawsuit for breach of the insurance policy and various other claims against Factory Mutual on April 10, 2010. Panda Energy has asserted that it, as the parent company of Hereford Ethanol, was a third-party beneficiary to the insurance policy. Factory Mutual has denied that Panda Energy was ever a beneficiary under the policy. On July 8, 2010, Panda Energy amended its petition to add Marsh and Samuels as defendants for breaches of the Texas insurance code. Panda Energy amended its petition again on August 16, 2010, adding more claims against Marsh and Samuels, including fraud and breach of fiduciary duty. The defendants removed to this court on August 18, 2010 and Panda Energy filed this Motion for Remand on August 30, 2010.

## II.     Legal Standard

Removal raises significant federalism concerns, which is why removal statutes are strictly construed in favor of remand. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). The burden of establishing federal jurisdiction is heavy, and it is borne by the

removing party. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).

## III. Analysis

In its Notice of Removal, Factory Mutual identified the diversity statute, 28 U.S.C. § 1332, as its basis for removal jurisdiction. An action may be removed if a federal court would have original jurisdiction over the removed claims. 42 U.S.C. § 1441(a) (2009). For actions on which prospective jurisdiction is founded upon diversity, all the requirements of 28 U.S.C. § 1332 must be met. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2005). Section 1332 requires that the amount-in-controversy exceed $75,000 and that the parties are completely diverse. 28 U.S.C. § 1332 (2009). There is no dispute that the amount-in-controversy in this case exceeds $75,000.

### A. Citizenship of the Parties

A case removed under § 1332 must have complete diversity of citizenship and no defendant may be a citizen of the forum state. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005). A corporation is a citizen of both the state of its incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1) (2009). An individual's citizenship is determined by where he or she is domiciled. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007).

The parties to this case are plaintiff Panda Energy and defendants Factory Mutual, Marsh, and Samuels. Panda Energy, Factory Mutual, and Marsh are all

corporations. Panda Energy is a citizen of Texas because it is incorporated and has its principal place of business in Texas. Factory Mutual is a citizen of Rhode Island because it is incorporated and has its principal place of business in Rhode Island. Marsh is a citizen of Delaware and New York because it is incorporated in Delaware and has its principal place of business in New York. Samuels is domiciled in Texas and is therefore a citizen of Texas for diversity purposes.

This means there is a citizen of Texas on one side of the lawsuit and citizens of Rhode Island, Delaware, New York, and Texas on the other. Both Panda Energy and Samuels are citizens of Texas. "Complete diversity" means that a plaintiff may not share citizenship with any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). Unless Samuels is not a proper party to the suit, as Factory Mutual argues, this destroys subject-matter jurisdiction because the lawsuit lacks complete diversity.

B.  **Was Samuels Improperly Joinded?**

In the diversity context, "improper joinder" means either: (1) jurisdictional facts were fraudulently plead or (2) there is an inability to establish a cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003). An "inability to establish a cause of action" means that there is no reasonable basis for the district court to predict that plaintiff might be able to recover against the in-state defendant. *Smallwood*, 385 F.3d at 573. To determine if a reasonable basis for recovery exists, the trial court may conduct something similar to a 12(b)(6) analysis or,

if necessary, pierce the pleadings to conduct a summary inquiry. *Id*.

Factory Mutual does not argue that jurisdictional facts were fraudulently plead. Instead, Factory Mutual asserts that there is no recovery possible against Samuels, its diversity-destroying co-defendant. Factory Mutual complains that statutes of limitations bar all of Panda Energy's claims against Samuels. The claims asserted against Samuels are for violations of the Texas insurance code, negligence, negligent misrepresentation, civil conspiracy, fraud, and breach of fiduciary duty. The insurance code violations, negligence, negligent misrepresentation, and civil conspiracy have two-year statutes of limitations. *See* Tex. Ins. Code Ann. § 541.162 (Vernon 2008); Tex Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 2008); *Coleman v. Rotana*, 778 S.W.2d 867, 873 (Tex. App.—Dallas 1989, writ denied); *Cathey v. First City Bank of Aransas Pass*, 758 S.W.2d 818, 822 (Tex. App.—Corpus Christi 1988, writ denied). Fraud and breach of fiduciary duty have four-year statutes of limitations. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a)(4–5) (Vernon 2008).

There is a disagreement as to when the insurance policy went into effect. Panda Energy claims that the effective date of the policy was July 20, 2006, while Factory Mutual places the effective date sometime in June 2006. Factory Mutual also argues that Panda Energy's causes of action accrued the date the policy was signed. *See, e.g., TIG Ins. Co. v. Aon Re., Inc*, 521 F.3d 351, 356 (5th Cir. 2008)(interpreting Texas law to find that a cause of action by an insurance company against an insurance broker accrued

when the policy was signed). Panda Energy asserts that the accrual date for its causes of action was the date coverage was denied. *See, e.g., Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998).

When evaluating the validity of a state law claim during an improper joinder analysis, the district court must resolve all disputed questions of fact and ambiguities of law in favor of the plaintiff. *Gray ex rel. Rudd v. Beverly Enter.-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004). The Court finds that the date the policy was issued is in dispute. The date the policy was issued is important to both parties' arguments because it bears on the possible accrual date for Panda Energy's causes of action. Exhibit #3 to Panda Energy's reply is an invoice from Marsh for what appears to be the insurance policy in question. *Smallwood*, 385 F.3d at 573 (a 12(b)(6) inquiry or, if necessary, a summary inquiry is used to investigate possible state law claims). Every page of Exhibit #3 lists either July 18, 2006 or July 20, 2006 as the effective date of the policy. *Id*. The Court resolves this factual dispute in favor of Panda Energy and finds, for the purposes of this motion, that the policy was issued at the earliest on July 18, 2006. *Gray ex rel. Rudd*, 390 F.3d at 405.

A statute of limitations is tolled once a plaintiff files suit and exercises due diligence to have process issued and served on the defendant. *See Olson v. Success Motivation Institute, Inc.*, 528 S.W.2d 111, 113 (Tex. Civ. App.—Waco 1975, writ ref'd n.r.e.). Panda Energy added Marsh and Samuels as defendants on July 8, 2010, less

than four years after the policy was signed on July 18, 2010. Even assuming that Factory Mutual is correct, that the date of accrual for Panda Energy's causes of action was the date the policy was signed, Panda Energy timely filed suit against Samuels on at least two of its claims: fraud and breach of fiduciary duty. Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a)(4–5) (Vernon 2008)(limitations periods for fraud and breach of fiduciary duty are four years). It is immaterial that the July 8, 2010 amendments against Samuels included only the insurance code violations. *See Alexander v. Turtur & Assoc., Inc.*, 146 S.W.3d 113, 121 (Tex. 2004)(an original pleading tolls the limitation period for claims asserted in subsequent amendments so long as the amended pleading does not arise out of different transaction).

Factory Mutual has advanced no other arguments, aside from its statutes of limitations defense, that Panda Energy would not be able to recover against Samuels in Texas state court. This Court finds that John Samuels was not improperly joined as a defendant to defeat diversity jurisdiction.

IV.     **Conclusion**

Factory Mutual bore the burden of demonstrating that there is no reasonable possibility of recovery against Samuels, the non-diverse defendant. *Smallwood*, 385 F.3d at 573; *General Dynamics*, 60 F.3d at 217.

Factory Mutual has not met this heavy burden. Therefore, the Court **GRANTS** the Motion and **REMANDS** this case to the 191st District Court, Dallas County, Texas.

**SO ORDERED.**

Signed November 16th, 2010.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE